DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Leatherworks Partnership, et al., | ) | |
| | ) | CASE NO. 4:04 CV 0784 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Berk Realty, Inc., et al., | ) | (Resolving Doc. Nos. 118, 142) |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Before the Court is the motion for summary judgment filed by the defendants (Doc. No. 118),[1] plaintiffs' opposition (Doc. No. 127), and defendants' reply (Doc. No. 132).[2] In addition, there are depositions (Doc. Nos. 134, 135 and 136) and a declaration by Edward McCabe (Doc. No. 140). For the reasons discussed below, the motion is denied; however, the Court dismisses the action on other grounds.[3]

**I. BACKGROUND**

On April 27, 2004, Leatherworks Partnership ("Leatherworks") and Navy Friends, Inc. (collectively, "plaintiffs") filed their Complaint against defendants Berk Realty, Inc. ("Berk

---

[1] This motion seeks, in the alternative, to dismiss for lack of the requisite amount in controversy to support diversity jurisdiction. See 28 U.S.C. § 1332(a). Clearly, this argument lacks merit. This lawsuit undoubtedly involves more than $75,000 in potential damages.

[2] All three documents have supporting exhibits.

[3] Plaintiffs have also filed a motion (Doc. No. 142) which purports to be a motion to strike certain affidavits proffered by defendants (see Doc. Nos. 118-5 and 118-6). However, the motion is an improper attempt to file a surreply, without leave of Court and despite clear orders prohibiting such filing. Doc. No. 142 is denied.

(4:04 CV 0784)

Realty"), HTP Inc. ("HTP"), International Technical Polymer Systems, Inc. ("ITPS"), M. Berkowitz & Co., Inc., and Samuel H. Berkowitz ("Berkowitz") (collectively, "defendants").

**A.  The Purchase Agreement**

On December 15, 1993, Leatherworks and Berk Realty [4] entered into a Purchase Agreement (Cmplt. Exh. A) under which Leatherworks agreed to purchase from Berk Realty for $200,000 "land and buildings located at 1052 North State Street, Girard, Ohio, formerly known as the Ohio Leatherworks Company Plant, consisting of approximately 27 acres . . . together with all easements and appurtenances pertaining thereto (collectively, the 'Property')." (Id., "whereas" clause).[5]  The closing was to occur no later than January 31, 1994, at which time possession would be given by Berk Realty to Leatherworks.  (Id. ¶¶ 5,7).[6]  From the date of the

---

[4] The Purchase Agreement was actually between Berk Realty (owned by Samuel Berkowitz and Richard Goodman) and an entity called "Leatherworks Joint Venture" (consisting of Gordon M. Schaaf and David-James Builders, Inc., [David E. Shikles, President]).  The current entity is "Leatherworks Partnership," one of the plaintiffs here, whose partners are Gordon Schaaf and Ralph Carestia.  (Compl. ¶ 1).  The other plaintiff, Navy Friends Inc., is the current owner of the subject property. (Compl. ¶ 2).

[5] The Ohio Leather Company began operations in Girard as a leather tanning facility in 1900 and ceased operations in 1972.  (Compl. ¶ 11).  The property has changed hands several times.  On January 3, 1972, The Ohio Leather Company transferred ownership to Herbert Weinstein.  (Compl. ¶ 12).  On July 19, 1974, Weinstein transferred ownership to D.L.&S.G. Realty, Inc.  (Compl. ¶ 13).  In 1982, D.L.& S.G. Realty changed its name to Berk Realty and a new deed to the property was recorded to reflect the name change.  (Compl. ¶ 14).  Therefore, under various corporate forms, Berk Realty owned and controlled the property from 1974 to 1994.  (Compl. ¶ 15).

Most of these allegations in the Complaint, notably the allegation that Berk Realty owned the property from 1974 to 1994, have been admitted by the defendants.  (See Answer, ¶¶ 1, 9).  The allegations in ¶¶ 11 and 12 of the Complaint have been denied only for lack of knowledge or information.  (Answer ¶ 3).

[6] The deed was actually recorded on February 14, 1994 in the name of Leatherworks
(continued...)

(4:04 CV 0784)

execution of the Agreement until the time of closing, Leatherworks and its invitees were allowed "access to the Property for the purpose of inspecting same." (Id. ¶ 7). Leatherworks also agreed to "bear the risk of loss to the Property from the date of execution of this Purchase Agreement." (Id. ¶ 6). Leatherworks further agreed that it had inspected the Property and accepted it "as-is" and "where-is," with the Seller expressly making "no representations or warranties whatsoever with respect to its condition." (Id. ¶ 8).

Under the terms of the Purchase Agreement, Berk Realty was allowed a period of 24 months during which it was "permitted to store at no charge its titanium and other miscellaneous metal inventory on the Property." (Id. ¶ 9). It agreed to "use its best efforts to remove such inventory within such 24 month time period[ ]" (id.) and further agreed to pay "a reasonable rental value" if it failed to remove the inventory within the 24 months. (Id.). This storage was to be at Berk Realty's risk "except with respect to the negligent or willful acts of [Leatherworks][.]" (Id.). Berk Realty was to "use reasonable care in removing said inventory and . . . leave the Property in a clean and safe condition." (Id.). Berk Realty did, in fact, thereafter store large amounts of "scrap metals and materials" (mostly titanium) on the property. (Berkowitz Dep. at 41).

The Purchase Agreement expressly stated that it "sets forth the entire understanding of the parties with respect to this transaction." (Id. ¶ 14). It was signed by Samuel H. Berkowitz,

---

⁶ (...continued)
Partnership. (Compl. ¶ 16; Answer ¶ 1).

3

(4:04 CV 0784)

as President of Berk Realty, Inc. and by both Gordon M. Schaaf and David E. Shikles on behalf of Leatherworks.  See Doc. 1-2 at p. 6.

## B.  Lawsuits in State Court

On August 28, 1998, ITPS and Berk Realty filed a civil action against Leatherworks Partnership and the lessee of gas drilling rights on the subject property.  The case was filed in Trumbull County Court of Common Pleas (No. 98-cv-1468).[7]  The complaint sought damages under theories of negligence and conversion, asserting that drilling for gas on the property had damaged the inventory of various metals stored on the property.  (Compl. ¶ 31; Answer ¶ 1).  The case eventually settled and the settlement was memorialized in a Judgment Entry signed by Judge Logan on December 16, 1999.  (Compl. ¶ 32[8] and Exh. B; Answer ¶ 1).  The Judgment Entry stated that "[t]itanium 'grindings' inventory" was to be removed no later than August 31, 2000 and that failure to remove the titanium by that date would result in a rental fee of $250.00 per month until removal.  Removal was to be "to ground level" and had to be inspected by Gordon Schaaf.  (Compl. Exh. B).  The Judgment Entry further indicates that

> ITPS, Inc., et al. has warranted that the titanium "grindings" at the Leatherworks site are non-hazardous and had previously been determined to be non-hazardous by the EPA.  In the event that the titanium "grindings" are determined to be hazardous, then ITPS, Inc., et al. will assume responsibility for resulting environmental liability at the titanium "grindings" pile site.

---

[7] The case was assigned to Judge Andrew D. Logan.  This Court takes judicial notice of the fact that Judge Logan is still a sitting judge in that court.  See http://www.electionohio.com/trumbull/cdcvofficials.htm (indicating a term expiring January 2, 2007).

[8] The Complaint actually alleges that the Judgment Entry was dated December 15, 1999. The file-stamp on the copy of the Judgment Entry is not clear; however, a review of the public court records available on the internet, of which this Court takes judicial notice, confirms that the judgment was entered on December 16, 1999.

(4:04 CV 0784)

(Compl. Exh B).  The Judgment Entry closes with the following statement: "The Court will allow the case to be reinstated upon Motion by either party upon failure of the entry to be fully executed."  (Id.).

On June 16, 2001, Leatherworks filed a civil action in Trumbull County (Case No. 01-cv-75; J. Logan) against Berk Realty, ITPS, Berkowitz, and M. Berkowitz & Co. in connection with failure to remove the titanium grindings.  (Compl. ¶ 35; Answer ¶ 1).  Leatherworks voluntarily dismissed the action without prejudice under Ohio R.Civ. P. 41(A) on January 14, 2004.[9] (Compl. ¶ 36; Answer ¶ 1).  The instant action was filed in this Court about three months later.

## II. DISCUSSION

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

Plaintiffs here make the following claims: (1) that defendants breached a Purchase Agreement by failing to remove materials, "including 55-gallon drums, titanium and other materials," left on the property which plaintiffs purchased from defendants; (2) that defendants' duty to remove these materials by August 31, 2000, was plainly memorialized in the Judgment Entry of December 16, 1999 issued by the state court, and that this Judgment Entry, viewed as a separate contract, has been breached; (3) that defendants fraudulently misrepresented the condition of the property prior to entering into the Purchase Agreement with the plaintiffs,

---

[9] Dockets for cases filed in the Trumbull County Court of Common Pleas are available online.  The docket for Case No. 01-CV-75 shows that there was a trial to the court on June 7, 2004.  Prior to any ruling, however, the case was voluntarily dismissed by the plaintiff.

(4:04 CV 0784)

notwithstanding the "as-is" provision in the Purchase Agreement and further notwithstanding the provision that the written Purchase Agreement was the "entire understanding of the parties" with respect to the transaction; (4) that defendants have intentionally interfered with plaintiffs' prospective business advantage by interfering with development and cleanup of the property; (5) that, by not removing the drums, titanium and other metals from the property, defendants have trespassed on the property; and (6) that defendants performed negligent removal, causing damage to the property, in January 2004.

In this case, the Court is of the view that entering judgment for either side would be inappropriate in the face of the history of matters between these parties. Although there is no presently pending state court litigation which would technically require abstention by this federal court, the matters at issue in plaintiffs' complaint have already clearly been litigated, or clearly arise out of the same facts already litigated, in Case No. 98-cv-1468 in the Trumbull County Court of Common Pleas. Therefore, collateral estoppel certainly applies. Further, the state court retained continuing jurisdiction and left open the possibility for the parties to return to that court if the settlement which it memorialized and the judgment which it entered were not fully executed.

Plaintiffs here are trying to get another "bite at the apple" by asking this Court to relitigate matters already decided by a state court with continuing jurisdiction.[10] This is a long-

---

[10] Plaintiffs have seemingly attempted to create something "new" by adding an allegation that damage was done during the week of January 31, 2004 when defendants, while removing 55-gallon drums from the property, allegedly spilled the contents and dispersed the spillage on the property. However, even these "new" allegations are arguably governed by the broad
(continued...)

6

(4:04 CV 0784)

standing battle between these parties.  They settled their dispute and a judgment was rendered on December 16, 1999.  If the settlement and/or the judgment entry have not been honored, that is a matter to take to the state court.  Notwithstanding the defendants' summary judgment argument,[11] this Court does not read the Complaint as alleging any CERCLA claim.[12]  Rather, it merely attempts to reinstate old breach of contract claims and other claims related to the formation of the original contract.  These matters have been resolved through litigation elsewhere and this Court will refrain from re-deciding the matters.

---

[10] (...continued) language of the December 16, 1999 Judgment Entry in Case No. 98-cv-1468, which makes ITPS liable "[i]n the event the titanium 'grindings' are determined to be hazardous[.]"  There is no time frame assigned to this "determination" language and, unless the spillage is hazardous, there would be no damages.

[11] Defendants are correct that plaintiffs cannot maintain an action under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") seeking contribution for environmental cleanup costs from a prior owner unless plaintiffs have first had a CERCLA action brought against them.  See Cooper Industries, Inc. v. Aviall Services, Inc., 543 U.S. 157 (2004) (holding that private party who had not been sued in CERCLA administrative or cost recovery action could not obtain contribution from other liable parties).

[12] The fact that the Complaint bases jurisdiction entirely on diversity not on any federal question confirms this Court's reading of the Complaint.  See Compl. ¶ 9.

7

(4:04 CV 0784)

### III.  CONCLUSION

The Court will not enter summary judgment for the defendants except to the extent that the Court <u>will</u> dismiss this action on collateral estoppel grounds, without prejudice to plaintiffs seeking from the Trumbull County Court of Common Pleas whatever relief may be appropriate. By separate order, the Court will close this case, with each party to bear its own costs.

IT IS SO ORDERED.


| | |
|---|---|
| November 15, 2005 | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |